UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BYRAN OJEDA, :
  Plaintiff :
   :
v. : C.A. No. 1:16-cv-00183-M-LDA
   :
OLGA'S CUP AND SAUCER, INC., :
OLGA BRAVO, REBECCA WAGNER, :
and DAVID SCANLON, :
  Defendants :

## AMENDED COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against Defendants seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.* ("RIMWA"), 42 U.S.C. §1981, and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff, Byran Ojeda, is a resident of the City of Pawtucket, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FLSA and the RIMWA, employed by the Defendants.

2. Defendant Olga's Cup and Saucer, Inc. ("Olga's") is a Rhode Island corporation that maintains a regular place of business in the City of Providence, County of Providence, State of Rhode Island.

3. On information and belief, at all times relevant, Defendant Olga Bravo ("Bravo") was a resident of the State of Rhode Island. In addition, Defendant Bravo was employed by

Defendant Olga's as its president, and at all relevant times, directly and indirectly acted in the interests of Defendant Olga's relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

4. On information and belief, at all relevant times, Defendant Rebecca Wagner ("Wagner") was a resident of the State of Rhode Island. In addition, Defendant Wagner was employed by Defendant Olga's in a managerial capacity, and at all times, directly and indirectly acted in the interests of Defendant Olga's relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

5. On information and belief, at all relevant times, Defendant David Scanlon ("Scanlon") was a resident of the State of Rhode Island. In addition, Defendant Scanlon was employed by Defendant Olga's in a managerial capacity. In addition, Defendant Scanlon was employed by Defendant Olga's in a managerial capacity, and at all times, directly and indirectly acted in the interests of Defendant Olga's relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

6. At all relevant times, Defendants were engaged in the stream of interstate commerce, and were the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

7. Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through a unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

8. Said Defendant enterprises, at all times hereinafter mentioned, individually or collectively, had annual gross volume of sales made or business done in the amount of not less

than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III. Jurisdiction

9. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216, jurisdiction over 42 U.S.C. §1981 pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the Plaintiff's claims under the RIMWA and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

10. Venue is proper in this Court insofar as the Defendants are residents of or are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

#### A. Wage Violations

11. In or about 1998, the Plaintiff was hired by Defendant Olga's as a sales manager.

12. The Plaintiff was originally paid at an hourly rate of $17.50 per hour.

13. In a veiled attempt to disqualify the Plaintiff for overtime payments, in approximately 2012, Defendant Olga's changed the Plaintiffs pay to a salary rate of $31,200.00 per year ($15.00 per hour).

14. During the duration of the Plaintiff's employment at Defendants, Defendants required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without overtime pay.

15. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

16. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

17. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. § 541.100(a)

18. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

19. Nor did Plaintiff's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

20. Despite the fact that the Plaintiff was a non-exempt employee, Defendants failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

21. Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him for his employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

22. As a proximate result of Defendants' discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other harm.

### B. Discrimination

23. The Plaintiff is Guatemalan.

24. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendants' legitimate expectations.

25. While employed at Defendant Olga's, the Plaintiff was subjected to workplace discrimination on account of his race and/or national origin while at work, including, but not limited to, vulgar and derogatory comments and other offensive conduct.

26. During the Plaintiff's employment at Defendant Olga's, Defendant Bravo insinuated that the Plaintiff was uneducated as a result of his race and/or national origin and made comments such as, "You know how to read?" "Do you know how to read?" and "Do you know how to use a computer?"

27. In addition, Defendant Bravo insinuated that the Plaintiff was lazy as a result of his race and/or national origin and made comments such as, "You're so lazy," and made comments about the state of the Plaintiff's house and yard.

28. During the Plaintiff's employment at Defendant Olga's, Defendant Scanlon made offensive comments to the Plaintiff such as referring to the Plaintiff and other Latino co-workers as "your people" and "those people," and calling the Plaintiff "an illegal."

29. Defendant Scanlon threatened the Plaintiff by stating he planned to contact the U.S. Immigrations and Customs Enforcement ("ICE") and have the Plaintiff and other Latino co-workers deported. Specifically, Defendant Scanlon stated, "I'm going to call ICE and have you all deported."

30. On several occasions, Defendant Scanlon accused the Plaintiff of selling illegal drugs, and stated that selling drugs was the only way a Guatemalan immigrant could afford to own an automobile and house.

31. The aforementioned discriminatory conduct frequently occurred in the presence of the Plaintiff's co-workers.

32. During his employment at Defendant Ogla's, the Defendants subjected the Plaintiff to racially discriminatory conduct that he did not want, did not welcome, did not encourage and to which the Plaintiff objected.

33. The discrimination the Plaintiff experienced while employed at Defendant Olga's created a hostile work environment.

34. The Plaintiff perceived his work environment as hostile and abusive.

35. A reasonable person would have found the Plaintiff's work environment hostile and abusive.

36. That the discriminatory terms and conditions of employment the Plaintiff experienced was due to his race and/or national origin was severe and pervasive and deprived the

Plaintiff of the right to work in a reasonable, nondiscriminatory work environment and adversely affected Plaintiff's ability to perform his job.

37. During all relevant time periods, management-level employees and/or agents at Defendant Olga's, including, but not limited to, Defendant Bravo, were aware of the aforementioned offensive conduct and discriminatory workplace.

38. Despite being aware of the offensive conduct, the Defendants did not effectuate remedial measures to stop the discriminatory conduct.

39. As a result of Defendants' refusal and/or failure to effectuate remedial measures to stop the discriminatory conduct, it continued.

40. On or about May 25, 2015, the Plaintiff was terminated from his employment at Defendant Olga's due to his race and/or national origin.

41. The purported reason for his termination is pretext for workplace discrimination.

42. Defendants' unlawful actions and/or omissions are in violation of the FLSA, the RIMWA, 42 U.S.C. §1981 and the RICRA and were motivated by malice and ill will toward the Plaintiff, and Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

43. As a proximate result of Defendants' acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VI. Claims for Relief

44. The Plaintiff incorporates the allegations contained in ¶¶1 through 43 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §207

45. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of the RIMWA, R.I.G.L. § 28-12-1, *et seq.*

46. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Three
### Violation of 42 U.S.C. §1981

47. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the Plaintiff's right to make and enforce contracts free from discrimination based on race and/or national origin, in violation of the Plaintiff's rights secured under 42 U.S.C. §1981, causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief 42 U.S.C. §1988.

### Count Four
### Violation of RICRA, R.I.G.L. §42-112-1, *et seq.*

48. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful employment discrimination against

the Plaintiff on account of his race and/or color in violation of the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### VII. Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein;

3. a declaratory judgment declaring that the Defendants violated the 42 U.S.C. §1981 and the RICRA in the manner complained of herein;

4. an award of compensatory damages, plus pre-judgment interest thereon;

5. an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

6. an award of punitive damages;

7. an award of reasonable attorneys' fees and costs of litigation;

8. an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a); and,

9. an award of such other and further relief as this Honorable Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Alyse E. Galoski, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
FORMISANO & COMPANY

April 27, 2016

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
Alyse E. Galoski (#9306)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 27th day of April, 2016 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano